# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLIINA
## CASE NO. 3:25-cv-8

| | |
|---|---|
| KATHLEEN RITZ, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>OWNERS INSURANCE COMPANY, )<br>)<br>Defendant. )<br>)<br>)<br>) | **NOTICE OF REMOVAL** |

TO: The United Stated District Court
      For the Western District of North Carolina.

NOW COMES the Defendant, OWNERS INSURANCE COMPANY, through undersigned counsel, and pursuant to 28 U.S.C. § 1332, hereby removes this case from the General Court of Justice, Superior Division, Mecklenburg County, North Carolina. The Defendant denies, in whole or in part, the allegations contained in the Complaint and the damages claimed therein and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in State or Federal Court. In support of this Notice of Removal, the Defendant shows unto the Court the following:

    I.    On or about December 6, 2024, Plaintiff commenced this action by filing a Complaint in the Superior Court of Mecklenburg County, North Carolina captioned as *Kathleen Ritz v. Owners Insurance Company*, Civil Action No. 24CV057077-590. A copy of all State court

pleadings is attached hereto as Exhibit A to this Notice of Removal.

II.     As more fully set out below, this case is properly moved to this Court pursuant to 28 U.S.C. 1760 §§ 1332, 1441, AND 1446 because (1) this Defendant has satisfied the procedural requirements for removal, and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

I.      **Defendant has Satisfied the Procedural Requirements for Removal**

A. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446 (b) because it is filed within 30 days of Notice on the Defendant. Defendant was notified by email on December 9, 2024. Defendant has not yet been served.

B. Generally the amount in controversy is determined by reference to the Plaintiff's Complaint. *JTH Tax, Inc. v. Frashier,* 624 F.3d 635, 639 (4th Cir. 2010). However, "[w]hen the amount of damages a Plaintiff seeks is unclear, the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Dash v. FirstPlus Home Loan Trust* 1996-2, 284 F. Supp. 2d 489, 498 (M.D.N.C. 2003) (internal quotation and citations omitted). North Carolina procedural rules requiring certain claims to be pled "in excess of certain dollar amount[s]… mak[es] it difficult to determine the exact amount in controversy. *"Lee Elec. Constr., Inc. v. Eagle Elex., LLC,* 1:03CV00065, 2003 U.S. Dist. LEXIS 9956 *10 (M.D.N.C. June 10, 2003).

C. The Plaintiff, in her original Complaint as against Owners Insurance Company, incorporated by reference to the subject Complaint as against Owners Insurance Company alleges compensatory damages in excess of $25,000.00, and she seeks treble

damages for alleged unfair trade practices. Further the Plaintiff seeks attorney fees. Plaintiff's claims exceed $75,000.00.

D. In sum, the Plaintiff requests damages exceeding $75,000.00 which would be the amount in controversy requirement necessary for this Court to have jurisdiction over this matter.

## II. Complete Diversity of Citizenship Exists Between Plaintiffs and Defendant.

A. There is complete diversity between Plaintiff, an individual and citizen of North Carolina, and the Defendant, a business corporation of and citizen of Michigan.

B. Plaintiff is a citizen of North Carolina for purposes of determining diversity. 28 U.S.C. § 1332 (c)(1).

C. Owners Insurance Company is and was at the times Plaintiff commenced this action, a corporation organized under the laws of the State of Michigan with its principal place of business in Michigan, and, therefore, is a citizen of Michigan for purposes of determining diversity. 28 U.S.C. § 1332 (c)(1).

**THIS SPACE INTENTIONALLY LEFT BLANK**

WHEREFORE, Defendant respectfully requests this matter be removed to this Court pursuant to 28 U.S.C. § § 1332, 1441, and 1446.

This the 7 day of January, 2025

                          **BROWN, CRUMP & TIERNEY, PLLC**

By: _____
O. Craig Tierney, Jr.
N.C. State Bar No. 17109
801 Oberlin Road, Suite 330
Raleigh, NC 27605
Telephone: (919) 890-4482
Facsimile: (919) 835-0915
ctierney@bcvtlaw.com
*Attorneys for Defendant Owners Insurance Company*

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that a copy of the foregoing was served on the following parties to this action via electronic mail pursuant to N.C.R.C.P. 5(b)(1) before 5:00 p.m. Eastern Time on a regular business day:

Trey Lindley
Tyler B. Peacock
Lord & Lindley, PLLC
Charlotte, NC 28230
Email: tlindley@lordlindley.com
       tpeacock@lordlindley.com
*Attorneys for Plaintiff*

    This the ___7___ day of __Jan__, 2025.

                **BROWN, CRUMP & TIERNEY, PLLC**

                By: _____
                     O. Craig Tierney, Jr.
                     N.C. State Bar No. 17109
                     801 Oberlin Rd. Suite 330
                     Raleigh, NC 27605
                     Telephone: (919) 890-4482
                     Facsimile: (919) 835-0915
                     Email: ctierney@bcvtlaw.com
                     *Attorneys for Owners Insurance Company*